**Patrick B. McCLURE, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2008–SC–000265–KB.

Supreme Court of Kentucky.

May 22, 2008.

## OPINION AND ORDER

Movant, Patrick McClure, whose Bar Roster Address is 462 Saguaro Drive, Louisville, Kentucky 40229 and whose KBA Member Number is 83565, has moved the Court to impose a sanction of a 181 day suspension from the practice of law.

The first disciplinary case, KBA File 10798, involves the following facts: Movant filed an appeal with the Court of Appeals on behalf of his client, William Schmidt, but failed to timely file the required Prehearing Statement on or before the deadline of April 25, 2002.

On May 22, 2002, the Court of Appeals issued a Show Cause Order directing Movant to show cause on or before June 11, 2002 why the appeal should not be dismissed. Movant did not file a response to this order.

Movant filed the Prehearing Statement on June 20, 2002, but had failed to file a Motion for Additional Time to File Prehearing Statement. The Court of Appeals entered an Order on August 14, 2002 requiring Movant to file the Motion within twenty days or remit a fine of $200. Movant filed the motion within the prescribed time frame and the motion was granted on October 16, 2002. On October 16, 2002, the Court of Appeals fined Movant $200, but he failed to pay the fine by the due date of November 5, 2002. The Court of Appeals entered an Order on June 24, 2003 scheduling a show cause hearing for July 8, 2003.

Movant did not appear at the show cause hearing. The Court of Appeals entered an order on July 9, 2003 holding Movant in criminal contempt and fined him $500. Movant was ordered to appear before the Court of Appeals on August 5, 2003. Movant appeared before the Court of Appeals on that day and paid the $500 fine. The Court of Appeals entered an Order on August 22, 2003 dismissing the case as settled.

Movant admits that he violated SCR 3.130–1.3, –3.2, and –3.4(c).

The second disciplinary case, KBA File 12291, involves the following facts:

Movant filed a lawsuit on behalf of his client, James Ransom, in Jefferson Circuit Court on December 27, 2002. Discovery requests were served on the Movant on February 20, 2003. He did not respond to these requests until June 25, 2003, after opposing counsel filed a motion to compel. Movant also did not propound discovery.

The defendants filed motions for summary judgment, which the court granted and dismissed the case with prejudice on April 8, 2004. Movant did not respond to either motion and did not notify Mr. Ransom of the dismissal.

Mr. Ransom was unable to contact Movant and had to call the Jefferson County Clerk to get an update on the status of his case. The Clerk's office informed him that the lawsuit had been dismissed. However, the time for appeal had not yet expired. Mr. Ransom filed his own notice of appeal and he was able to contact Movant who filed a Prehearing Statement on May 18, 2004. Movant did not file a brief, and on motion from appellees, the Court of Appeals dismissed the appeal on November 23, 2004, noting that the brief was more than two months overdue.

The Court of Appeals also ordered Movant to show cause why he should not be held in contempt. Movant filed an untimely response to the show cause order. His response detailed his ongoing struggle with mental illness and his decision to close his practice as a result. Movant informed the Court that he closed his practice in July 2004. The Court accepted the response and dismissed the order to show cause.

Movant admits he is in violation of SCR 3.130–1.3, –1.4(a), –1.16(a)(2), 3.2, and –3.4(c).

The third disciplinary case, KBA File 12621, involves the following facts: Movant failed to appear on behalf of his client, Toni M. Bear, at a benefit review conference for her worker's compensation case on January 14, 2005. He also failed to respond to letters from opposing counsel, failed to file evidence on behalf of his client, and did not respond to a Motion to Dismiss. Ms. Bear was forced to appear pro se and request additional time to obtain counsel. Although Movant provided a letter to Ms. Bear to take to the hearing, explaining that he had closed his practice in July 2004, he made no effort to formally withdraw from her case in advance of the hearing.

Movant admits he was in violation of SCR 3.130–1.3, –1.16(a)(2) and –3.2.

Movant admits that he violated the aforementioned rules in all four disciplinary cases and has requested the Court to impose a suspension from the practice of law in the Commonwealth of Kentucky for 181 days. The Kentucky Bar Association agrees that this discipline is appropriate. Movant acknowledges that any application for reinstatement will be governed by SCR 3.510.

Movant's request is hereby granted. We decline to take review of this matter independently pursuant to SCR 3.370(9).

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Movant, Patrick McClure, is suspended from the practice of law in Kentucky for a period of 181 days.

2. If he has not already done so, McClure is directed to notify in writing all clients and all courts in which he has matters pending of his inability to practice law, within ten days from the date of entry of this Opinion and Order. McClure is further directed to furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

3. McClure shall without delay, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

4. In accordance with SCR 3.450, McClure is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $77.66, and for

which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

Entered: May 22, 2008.

/s/ Joseph E. Lambert
CHIEF JUSTICE